**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRISTINA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TANJA D. BATTLE, in her official capacity as Executive Director of the Georgia Board of Dentistry, RICHARD BENNETT, LOGAN "BUZZY" NALLEY, JR., REBECCA B. BYNUM, RANDY DANIEL, TRACY GAY, THOMAS P. GODFREY, GREGORY G. GOGGANS, STEPHAN F. HOLCOMB, ANTWAN L. TREADWAY, H. BERT YEARGAN, CONNIE ENGEL, in their official capacities as Members of the Georgia Board of Dentistry, and SAMUEL S. OLENS, in his official capacity as the Attorney General of Georgia, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is a civil-rights lawsuit seeking declaratory and injunctive relief. The plaintiff is Christina Collins, who is the sole proprietor of a teeth-

whitening business called Mobile Whites. Ms. Collins is an entrepreneur who until recently sold legal, over-the-counter teeth-whitening products and provided customers with a clean, comfortable environment in a salon in Savannah, Georgia, in which to apply those products to their own teeth. It is perfectly legal to sell these products to customers who will use them at home without supervision or instruction. Nonetheless, the Georgia Board of Dentistry has taken the position that non-dentist teeth-whitening entrepreneurs like Ms. Collins are engaged in the unlicensed practice of dentistry if they permit customers to use these products at the place of purchase. The unlicensed practice of dentistry is a felony offense in Georgia, punishable by imprisonment for two to five years, fines, or both. The Board's actions arbitrarily deprive Ms. Collins of her right to pursue the occupation of her choice, in violation of the Equal Protection, Due Process, and Privileges or Immunities Clauses of the Fourteenth Amendment to the U.S. Constitution.

2. Plaintiff seeks a declaratory judgment that Ga. Code §§ 43-11-1 and -17 and Ga. Comp. R. & Regs. 150-14-.01, *et seq.*, as applied to teeth-whitening services like those Plaintiff provided, violate the Equal Protection, Due Process, and Privileges or Immunities Clauses of the Fourteenth Amendment to the U.S. Constitution.

3. Plaintiff seeks a permanent injunction forbidding future enforcement of Ga. Code §§ 43-11-1 and -17 and Ga. Comp. R. & Regs. 150-14-.01, *et seq.*, against her and other persons providing similar teeth-whitening services.

4. Plaintiff seeks an award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988.

5. Plaintiff does not seek money damages against any party.

## JURISDICTION AND VENUE

6. Plaintiff brings this civil-rights lawsuit pursuant to the Fourteenth Amendment to the U.S. Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff Christina Collins is the owner and operator of Mobile Whites, a sole proprietorship. Ms. Collins is a Georgia resident who previously operated Mobile Whites from a salon in downtown Savannah. She closed her business in August 2014 after being informed by an investigator for the Dental

Board that her business was deemed to be engaged in the unlawful practice of dentistry and that the Board had prosecuted other similarly situated teeth-whitening entrepreneurs for the unlawful practice of dentistry.  In October, 2014, the Board issued a cease-and-desist order to Ms. Collins, prohibiting her from operating her business.  She wishes to reopen her business, but cannot do so without risking fines or jail time because she is not a licensed dentist.

10.	Defendant Tanja B. Battle is the Executive Director of the Georgia Board of Dentristy, charged with enforcing orders of the Board. Defendants Richard Bennett, Logan "Buzzy" Nalley Jr., Rebecca B. Bynum, Randy Daniel, Tracy Gay, Thomas P. Godfrey, Gregory G. Goggans, Stephan F. Holcomb, Antwan L. Treadway, H. Bert Yeargan, and Connie Engel are members of the Board.  As members of the Board, they are empowered to issue declaratory rulings interpreting the Dental Practice Act and to impose civil penalties for violations of the Act.  Defendant Samuel S. Olens, Georgia's Attorney General, is joined in this action because he is charged with enforcing the criminal penalties of the Act.  All of the Defendants are sued only in their official capacities.

## FACTUAL ALLEGATIONS

### Teeth-Whitening Services and Entrepreneurs

11. Teeth whitening is a popular cosmetic practice in which the appearance of stains or discoloration on the tooth enamel are reduced through the use of a whitening agent, typically hydrogen peroxide or the related chemical carbamide peroxide (which breaks down into hydrogen peroxide).

12. Teeth-whitening products are widely available for over-the-counter purchase in varying concentrations from supermarkets, drug stores, and on the Internet.

13. Because teeth-whitening products are regulated by the U.S. Food and Drug Administration as "cosmetics," no prescription is required for their purchase. Anyone may legally purchase teeth-whitening products in any commercially available concentration and apply them to their own teeth with no supervision or instruction.

14. As teeth whitening has become more popular, entrepreneurs have begun offering teeth-whitening services in shopping malls, spas, and salons.

15. While practices vary among businesses, teeth-whitening entrepreneurs typically sell a prepackaged teeth-whitening product to their customers and provide their customers with instructions on how to apply that product to their own teeth.

These products generally come in the form of disposable, plastic mouth trays, which are prefilled with a whitening agent. Ms. Collins sells only disposable teeth-whitening products, including disposable teeth-whitening "brush pens," and instructs customers on how to use those products on their own teeth.

16. Teeth-whitening entrepreneurs also typically provide customers with a chair to sit in while customers apply the product to their own teeth in the same way the customer would apply the product at home. Some, including Ms. Collins, also provide customers with an LED "enhancing light," which either the entrepreneur or the customer may position in front of the customer's mouth. These lights are available for purchase without a prescription and may legally be used at home without supervision or instruction.

17. Like most teeth-whitening entrepreneurs, Ms. Collins does not make diagnoses and does not place anything in her customers' mouths.

18. The risks associated with teeth whitening are minimal, and consist primarily of temporary tooth or gum sensitivity.

19. For identical, self-administered products, the risks of teeth whitening are the same whether a person applies the product to her own teeth at home, in a salon, or at a shopping mall.

20. Teeth-whitening entrepreneurs compete with dentists for customers seeking whitening services.

21. According to a 2008 Gallup poll, 80% of dentists nationwide offer teeth-whitening services. *In re N.C. Bd. of Dental Exam'rs*, No. 9343, at 29 (F.T.C. July 14, 2011) (Initial Decision by Chief Administrative Law Judge D. Michael Chappell), *available at* http://www.ftc.gov/os/adjpro/d9343/110719ncb-decision.pdf (listed under the sub-heading "July 19, 2011").

22. On information and belief, teeth-whitening entrepreneurs like those described above typically charge much less than dentists do for cosmetic teeth whitening.

**Georgia's Dental Practice Act and the Georgia Board of Dentistry**

23. Georgia's Dental Practice Act is set forth in Ga. Code §§ 43-11-1 through 43-11-82. The Rules of the Georgia Board of Dentistry are set forth in Georgia Compiled Rules & Regulations Chapter 150.

24. Under the Act, any person who engages in any activity considered to be the practice of dentistry "without obtaining a license to practice from the board shall be guilty of a felony" and subject to fines and imprisonment. Ga. Code § 43-11-50. The unlawful practice of dentistry is punishable by imprisonment of two to five years, a fine of not less than $500, or both. *Id.*

25. To become a licensed dentist in Georgia, one must have received a doctoral degree in dentistry, as well as successfully passed an examination approved by the Georgia Board of Dentistry. Ga. Comp. R. & Regs. 150-03-.04.

26. A doctoral degree in dentistry is typically a four-year course of study in addition to a four-year undergraduate degree.

27. The cost of dental school tuition in Georgia for a four-year doctoral degree ranges between $85,000 and $240,000, depending on the school chosen and the state of residency of the student.

28. Under the Dental Practice Act, the practice of dentistry includes "any dental operation whatsoever on the human oral cavity, teeth, gingiva, alveolar process, maxilla, mandible or associated structures." Ga. Code § 43-11-17(a)(4).

29. Under the Dental Practice Act, the practice of dentistry includes supplying or fitting "for or to an ultimate user of the product in the State of Georgia, any appliance, cap, covering, prosthesis, or cosmetic covering, as defined by rules and regulations established by the board." Ga. Code § 43-11-17(a)(6). Pursuant to those rules and regulations an "appliance" includes any removable structure used to "chang[e] the appearance of teeth" or "chang[e] the shape and shade of teeth." Ga. Comp. R. & Regs. 150-14-.01(1).

30. The Dental Board interprets the Dental Practice Act and its Rules to include teeth-whitening businesses like Ms. Collins's as the practice of dentistry. *See* Ex. A (Georgia Board of Dentistry Letter to Atlanta Better Business Bureau) ("altering the shade of teeth, such as is done by current whitening techniques <u>is the practice of dentistry</u>. Therefore, unless the facility has a Georgia licensed, direct supervision dentist present for the treatment, it is a violation of the Dental Practice Act and the laws of the State of Georgia. Such facilities that do not have a dentist performing and supervising the services would be charged with the unlicensed practice of dentistry, which is a felony in this state.") (emphasis in original).

31. The Board has issued a cease-and-desist order to Ms. Collins to prohibit her from operating her teeth-whitening business. On information and belief, the Board has issued similar cease-and-desist orders to other teeth-whitening entrepreneurs in Georgia.

32. The Dental Board consists of 11 members appointed by the Governor. Nine members of the Board are required to be dentists; one must be a dental hygienist; and one member must be a non-dentist. Ga. Code § 43-11-2(a)-(b). At present there are ten members on the dental board and one vacancy; eight current members are dentists.

33. On information and belief, the Dental Board does not require dentists to have any experience or demonstrated proficiency with teeth-whitening practices as a condition of licensure.

34. On information and belief, the Dental Board does not require dental schools to teach teeth-whitening practices as a condition of accepting graduates of those schools for licensure in Georgia.

35. On information and belief, dental schools in Georgia do not teach teeth-whitening practices to their students.

36. On information and belief, the practical and written examinations accepted by the Dental Board for licensure as a dentist in Georgia do not cover teeth whitening.

37. The Dental Board may conduct investigations, issue subpoenas to compel the production of documents, and conduct hearings concerning the unlawful practice of dentistry. Ga. Code § 43-11-7(13)-(16).

38. The Dental Board may bring an action to enjoin any person, firm, partnership, or corporation who engages in the practice of dentistry without being licensed to do so by the Board. Ga. Code. § 43-11-2(e).

39. The Dental Board may issue a cease-and-desist order prohibiting any person from engaging in the practice of dentistry without a license. The violation

of a cease-and-desist order from the Board subjects the violator to a fine of up to $500.00 for each transaction constituting a violation. Ga. Code § 43-1-20.1.

## The Dental Board's Subpoena and Plaintiff's Response

40. On information and belief, the Dental Board opened an investigation in 2014 of Ms. Collins and Mobile Whites to determine whether Ms. Collins was violating the Dental Practice Act by offering teeth whitening to customers in Georgia.

41. In mid-August 2014, Ms. Collins received an email and a phone call from Ryan McNeal, an agent of the Dental Board, informing her that the Dental Board deemed her business to be the unlawful practice of Dentistry.

42. On or about August 15, 2014, Ms. Collins voluntarily closed her business and vacated her salon in downtown Savannah, fearful that she would be prosecuted for the unlawful practice of dentistry. Ms. Collins intends to remain closed in Georgia in order to avoid being subject to fines or imprisonment until such time as the law has changed or the Dental Practice Act is judged unconstitutional as applied to teeth-whitening services such as those provided by her.

43. On or about September 15, 2014, Mr. McNeal told Ms. Collins that she must sign a "voluntary cease and desist order" to avoid prosecution and

insisted they meet on that day at a parking lot outside of Savannah. Ms. Collins met with Mr. McNeal that day and signed the order in his presence. She requested a copy of the order, but he refused to provide one to her.

44. In October 2014, the Dental Board approved the cease-and-desist order. Although Ms. Collins was not provided a copy of the order she signed, upon her belief and recollection, it prohibits her from operating her business subject to fines of $500 per transaction and other potential civil and criminal punishment for the unlawful practice of dentistry.

## PLAINTIFF AND HER BUSINESS

45. Plaintiff Christina Collins is a teeth-whitening entrepreneur who resides in Port Wentworth, Georgia. She is a single mother who launched Mobile Whites as a business that would allow her to earn an honest living and maintain a relatively flexible schedule.

46. Ms. Collins began operating Mobile Whites in February 2011. She offered teeth-whitening services at parties and other locations where she was invited as well as providing service from her retail location in downtown Savannah.

47. Ms. Collins's services consisted of selling customers a prepackaged teeth-whitening product; instructing customers on how to apply the product to their

own teeth; providing customers with a comfortable chair to sit in while using the product; and providing customers with an enhancing light.

48. Ms. Collins charged between $59 and $149, depending on the source of the customer and the application of various coupons and other discounts.

49. The products Ms. Collins sold had either a 16% concentration of hydrogen peroxide or a 33% concentration of carbamide peroxide. There are many commercially available teeth-whitening products with hydrogen-peroxide and carbamide-peroxide concentrations of 35% or higher, which anyone may purchase and apply to their own teeth with no supervision, prescription, or instruction.

50. The leading sources of Ms. Collins's customers were websites, such as Groupon.com and Wedding Wire, and word-of-mouth referrals from past customers. Ms. Collins's business was successful, but she closed it when she learned of the Board's position that teeth-whitening constituted the unlawful practice of dentistry. Ms. Collins was unwilling to risk having to pay thousands of dollars in fines or going to jail. Soon after, the Board issued its cease-and-desist order.

51. Ms. Collins still has the equipment from her business, including whitening products and lights. She would immediately begin reestablishing her business if it were legal for her to do so.

52. Ms. Collins is not a licensed dentist and is not eligible to become a licensed dentist without spending many years and tens of thousands of dollars on additional education.

53. Ms. Collins does not want to go to dental school, does not want to become a dentist, and does not want to offer any service that involves making diagnoses or placing anything in her customers' mouths.

**INJURY**

54. Plaintiff Christina Collins closed her successful teeth-whitening business in response to the Georgia Board of Dentistry's position that services like hers constitute the unlicensed practice of dentistry, and its investigation of her for providing those services.

55. Ms. Collins's business remains closed because the Dental Board has issued a cease-and-desist order threatening her with fines and other potential punishments if she were to reopen the business.

56. Since closing her business, Ms. Collins has been unemployed but recently negotiated an opportunity to sell teeth-whitening products at a salon in nearby South Carolina. It is more convenient to be located in Savannah, however, which is why she wishes to provide teeth-whitening services in Georgia.

57. But for Georgia's prohibition on non-dentist teeth whitening, Ms. Collins would reopen her business and begin offering teeth-whitening services again in Georgia. As explained more fully below, Ms. Collins has been denied her right to equal protection of the law as protected by the Equal Protection Clause of the Fourteenth Amendment, and her right to earn an honest living as protected by the Due Process and Privileges or Immunities Clauses of the Fourteenth Amendment.

**LEGAL CLAIMS**

**Count I**

Equal Protection

58. Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 57 as if fully set forth herein.

59. Count One is brought pursuant to the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

60. The Georgia Dental Practice Act provides that only licensed dentists are authorized to provide services that constitute the practice of dentistry. Ga. Code § 43-11-50.

61. The Dental Board interprets the "practice of dentistry" to include teeth-whitening services like those formerly offered by Ms. Collins. Ga. Comp. R. & Regs. 150-14-.01(1); Ex. A.

62. Plaintiff is not a licensed dentist and is not eligible to become a licensed dentist without nearly a decade of training and education. Therefore, she cannot offer teeth-whitening services.

63. Products identical to those previously sold by Ms. Collins are available for purchase in supermarkets, drug stores, and online. Instructions for use of those products are widely available, either provided with the products themselves or online.

64. Enhancing lights identical to those used by Ms. Collins are available for purchase and home use without a prescription.

65. The Equal Protection Clause of the Fourteenth Amendment does not allow government to treat similarly situated persons differently unless the reason for doing so bears a rational relationship to a legitimate governmental interest.

66. Plaintiff is similarly situated to others who sell teeth-whitening products and sell or rent enhancing lights.

67. Plaintiff has been denied equal protection of the law because there is no rational reason for Georgia's distinction between persons who sell customers a

product that they will apply to their own teeth at home, who are not regulated under the Dental Practice Act, and persons who sell customers an identical product that they will apply to their own teeth in a shopping mall or at a salon, whom Georgia considers to be engaged in the practice of dentistry.

68. Plaintiff has also been denied equal protection of the law because there is no rational reason for the distinction between her provision of in-person instruction to customers on how to apply teeth-whitening products to their own teeth, which Georgia considers to be the practice of dentistry, and the provision of written instructions online or packaged with identical teeth-whitening products, which is not regulated under the Dental Practice Act.

69. Unless Defendants are enjoined from committing the above-described violations of the Fourteenth Amendment, Plaintiff will continue to suffer great and irreparable harm.

## Count II

Due Process

70. Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 57 as if fully set forth herein.

71. Count Two is brought pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983. The Due

Process Clause protects the right to earn an honest living in the occupation of one's choice, subject only to regulations that are rationally related to a legitimate governmental interest.

72. There is no legitimate governmental interest for the application of the Dental Practice Act to teeth-whitening services like those offered by Plaintiff.

73. The application of the Dental Practice Act to teeth-whitening services like those offered by Plaintiff is not rationally related to any legitimate governmental interest.

74. Georgia's Dental Practice Act, as applied to Plaintiff, deprives Plaintiff of her right to earn an honest living in the occupation of her choice by imposing restrictions on teeth-whitening services that are not rationally related to any legitimate governmental interest.

75. Unless Defendants are enjoined from committing the above-described violations of the Fourteenth Amendment, Plaintiff will continue to suffer great and irreparable harm.

## Count III

Privileges or Immunities

76. Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 57 as if fully set forth herein.

77. Count Three is brought pursuant to the Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983. The Privileges or Immunities Clause protects the right to earn an honest living.

78. Georgia's Dental Practice Act, as applied to Plaintiff, deprives Plaintiff of the privileges or immunities of citizenship by imposing arbitrary and unreasonable restrictions on the offering of teeth-whitening services.

79. Unless Defendants are enjoined from committing the above-described violations of the Fourteenth Amendment, Plaintiff will continue to suffer great and irreparable harm.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

a. declare that Ga. Code §§ 43-11-1 and -17 and Ga. Comp. R. & Regs. 150-14-.01, *et seq*., as applied to teeth-whitening services provided by Plaintiff, and others similarly situated, violate the Equal Protection, Due Process, and Privileges or Immunities Clauses of the Fourteenth Amendment to the U.S. Constitution;

b. enjoin the enforcement of Ga. Code §§ 43-11-1 and -17 and Ga. Comp. R. & Regs. 150-14-.01, *et seq.*, against Plaintiff and other persons providing similar teeth-whitening services;

c. award reasonable attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

e. award such further non-monetary legal and equitable relief as the Court may deem just and proper.

Dated this 1st day of December, 2014.

Respectfully submitted,

| | |
|---|---|
| | /s/Yasha Heidari |
| Lawrence G. Salzman* | Yasha Heidari (GA Bar No. 110325) |
| Paul Sherman* | Heidari Power Law Group, LLC |
| Institute for Justice | P.O. Box 79217 |
| 901 North Glebe Road, Suite 900 | Atlanta, GA 30357 |
| Arlington, VA 22203 | Tel: (404) 939-2742 |
| Tel: (703) 682-9320 | Fax: (404) 601-7852 |
| Fax: (703) 682-9321 | Email: yasha@hplawgroup.com |
| Email: lsalzman@ij.org; psherman@ij.org | *Local Counsel for Plaintiff* |
| * *Pro Hac Vice* Applications to be Filed | |
| *Counsel for Plaintiff* | |